UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Samuel Jones,<br>      Petitioner,<br><br>v.<br><br><br>John Davis,<br>      Respondent. | Case No. 22-cv-10382<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |

**OPINION AND ORDER TRANSFERRING SUCCESSIVE
HABEAS CORPUS PETITION TO THE UNITED STATES
COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Samuel Jones was convicted of carrying a concealed weapon, Mich. Comp. Laws § 750.227, being a felon in possession of a firearm, Mich. Comp. Laws § 750.224f, being a felon in possession of ammunition, Mich. Comp. Laws § 750.224f(6), and possessing a firearm during the commission of a felony, second offense, Mich. Comp. Laws § 750.227b. *See* Case No. 18-11587, ECF No. 14, PageID.780. Before the Court is Mr. Jones's habeas corpus petition. For the reasons explained below, the Court will transfer the petition to the Sixth Circuit Court of Appeals as a successive petition.

## I. Background

Following a jury trial in Wayne County Circuit Court, Mr. Jones was convicted as set forth above and sentenced as a fourth habitual offender to a term of seven to ten years imprisonment.

In 2018, after unsuccessfully challenging his convictions on direct review, Mr. Jones filed a petition for writ of habeas corpus in this Court. *See Jones v. Jackson*, No. 18-11587. The Honorable Laurie J. Michelson addressed the merits, denied habeas corpus relief, and declined to issue a certificate of appealability. *See Jones v. Huss*, No. 18-11587, 2019 WL 1013051 (E.D. Mich. Mar. 4, 2019). The Court of Appeals also denied a certificate of appealability. *Jones v. Huss*, No. 19-1335, 2019 WL 11343337 (6th Cir. July 30, 2019).

On February 15, 2022, Mr. Jones filed his current habeas petition. ECF No. 1. He maintains that his convictions for carrying a concealed weapon and felony firearm violate the Double Jeopardy Clause. *Id.*

## II. Discussion

A petitioner challenging a state court judgment under 28 U.S.C. § 2254 must "seek authorization in a federal appeals court before filing a 'second or successive application' in district court." *In re Stansell*, 828 F.3d 412, 414 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)). A habeas petition is "second or successive" for purposes of 28 U.S.C. § 2244(b) if the petition challenges the same conviction(s) challenged

in a prior petition and the prior petition was decided on the merits. *In re William Garner*, 612 F.3d 533, 535 (6th Cir. 2010) (citing *In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000)). Federal "district courts lack jurisdiction to consider 'second or successive' habeas applications without prior authorization from the appropriate Court of Appeals." *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016).

Mr. Jones's earlier habeas petition challenged the same convictions at issue in this petition and was dismissed on the merits. *See Jones v. Huss*, No. 18-11587, 2019 WL 1013051 (E.D. Mich. Mar. 4, 2019). The current petition is therefore "second or successive" to the 2018 petition, and Mr. Jones was required to seek preauthorization from the Court of Appeals before filing the petition here, which he did not do.

When a successive petition for habeas corpus relief is filed in the district court without prior authorization, the district court must transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631.[1] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

---

[1] 28 U.S.C. § 1631 states:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ..., and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it was transferred.

3

Mr. Jones did not obtain permission from the Court of Appeals to file a second or successive petition. Accordingly, the Court **ORDERS** the Clerk of Court to transfer Mr. Jones's case to the Sixth Circuit Court of Appeals for a determination of whether this Court may adjudicate the merits of Mr. Jones's claim.

s/Shalina D. Kumar  
Shalina D. Kumar  
United States District Judge

Dated: March 28, 2022